IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROSA REICHARDT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:11CV478 |
| | § | |
| | § | |
| BAC HOME LOANS SERVICING, LP, | § | |
| BANK OF AMERICA, NA and | § | |
| FANNIE MAE | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION, ORDER AND REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

On May 17, 2012 the Court held a hearing in this matter  *Pro se* Plaintiff and counsel for Defendants appeared and presented argument.

This case was dismissed for want of prosecution on January 31, 2012, after Plaintiff failed to file a written response to Defendant's motion to dismiss and after Plaintiff failed to act in response to the Court's notice of impending dismissal. *See* Dkt. 17. Prior to dismissal, Court correspondence sent to Plaintiff was returned as unclaimed/undeliverable but was sent to the address recently confirmed by Plaintiff as hers. *See* Dkts. 15, 16 & 22.

On March 15, 2012, Plaintiff filed a motion seeking to reopen the case and to obtain injunctive relief regarding eviction proceedings. Because Plaintiff seeks reconsideration more than 28 days after dismissal, Federal Rule of Civil Procedure 60 governs her request to re-open.

At the hearing, *pro se* Plaintiff was sworn and stated that she never received a copy of the motion to dismiss or the Court's notice of impending dismissal. Defendants were not able to provide the Court with proof of service of the motion to dismiss. The Court notes that, unless specifically ordered, *pro se* parties do not receive electronic notice of filings. Therefore, as to all future filings in this matter, Defendants have been directed to send all case materials directly to Plaintiff at the address provided.

Having heard the arguments presented, the Court finds that Plaintiff has shown excusable neglect for her failure to respond to the motion to dismiss and the Court's order. *See* FED. R. CIV. P. 60(b)(1) (a court may relieve a party from a final judgment or order for mistake, inadvertence, surprise or excusable neglect). Therefore, Plaintiff's Petition for Reconsideration (Dkt. 19) should be GRANTED and the Court's January 31, 2012 Order of Dismissal, Docket Entry 17, should be VACATED and set aside and the case should be re-opened on the Court's active docket.

As to Plaintiff's Motion for Preliminary Injunction (Dkt. 21), seeking to enjoin certain outcomes of state court eviction proceedings in February and March 2012, the Court finds it should be DENIED. As noted in Judge Schell's May 15, 2012 order denying Plaintiff's request for temporary injunctive order, the *Rooker–Feldman* doctrine bars federal district courts from exercising subject-matter jurisdiction over collateral attacks on state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed.2d 454 (2005); *Price v. Porter*, 351 F. App'x 925, 926 (5th Cir. 2009).

Within 10 days of the date of this report, Plaintiff shall replead her case with specificity. Within 30 days of the filing of Defendant's response to the amended complaint, the parties shall

submit a Rule 26(f) conference report.

Plaintiff also has recently filed a Motion for No Answer Default (Dkt. 26). That is ordered STRICKEN. Until Plaintiff amends her pleadings and the case is re-opened, the Court will consider no such motion. The Court further notes that default judgment is only appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Defendants have appeared herein.

Plaintiff shall file no other pleadings until she amends her complaint. Plaintiff is cautioned that failure to replead or to respond to any relief requested by Defendant or the Court may result in dismissal of her case.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SO ORDERED.**

**SIGNED this 12th day of June, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE